UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES SERUNTINE, ET AL                CIVIL ACTION

VERSUS                                   NO. 06-1580

STATE FARM FIRE & CASUALTY CO., ET AL    SECTION "R"(5)


**ORDER**

Before the Court is plaintiffs' motion to remand.  For the following reasons the Court GRANTS plaintiffs' motion.


I.   BACKGROUND

Plaintiffs First Guarantee Association and Charles and Rosena Seruntine allege that their property was destroyed by Hurricane Katrina.  Plaintiffs sued State Farm, their homeowner's and flood insurer, and Kert Leblanc and Dave Felix, the agents who sold them their policies.  Plaintiffs allege that State Farm insured four of their properties in St. Bernard Parish. Plaintiffs allege that they purchased two homeowner's policies and one "business policy" from State Farm to cover the four

properties against damage to the property and contents, as well as business interruption and loss of rent.  Plaintiffs allege that the agents advised them to "take out the minimum amount of coverage for flood and more in homeowner's because there is virtually no chance of flooding in St. Bernard."  They also allege that the agents "represented to [plaintiffs] that whatever flood policy does not pay will be covered by the homeowner's policies (*sic*)."  Plaintiffs allegedly purchased flood coverage for three of the four properties; the agents allegedly represented to plaintiffs that the fourth property was covered by the business policy.

   After Hurricane Katrina damaged their property, plaintiffs filed a claim with State Farm under the homeowner's and business policies and provided State Farm with proof of loss.  Plaintiffs allege that State Farm valued their damages "significantly under the true value of the damage to the home."  They allege that State Farm undervalued their losses and failed to provide sufficient compensation for loss of use of the property.  As a result of these events, plaintiffs brought this action against State Farm and the agents.  Plaintiffs allege, in part, that State Farm adjusted their claims in bad faith, breached its adjustment-related duties to them and breached its contract with them.  Plaintiffs further allege that the agents breached their

fiduciary duties to plaintiffs by failing to advise them properly on their need for flood insurance and the terms and exclusions of their homeowner's and flood policies.

Defendants removed the action to this Court, asserting that federal jurisdiction was proper under 42 U.S.C. § 4072, creating exclusive federal jurisdiction for National Flood Insurance Act claims, and 28 U.S.C. § 1331, federal question jurisdiction. Plaintiffs have moved to remand, and they contend that none of their claims arises under federal law.

## II. LEGAL STANDARD

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL

419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

> B.   **Federal Question Jurisdiction**

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808 (citation omitted).

**III. DISCUSSION**

Defendants assert two bases for federal question jurisdiction. First, they assert that plaintiffs' claims relating to the procurement of their flood policies are a proper subject for federal jurisdiction. Second, they assert that plaintiffs allege improper claims handling under a flood policy, and that these state law claims are preempted by federal law.

### A.   National Flood Insurance Program

Congress established the National Flood Insurance Program through the National Flood Insurance Act of 1968. *See* 42 U.S.C. §§ 4001, *et seq*. Under the NFIP, the director of the Federal Emergency Management Agency has the authority to use private insurance companies, referred to as Write-Your-Own companies, to help administer the program. The WYO companies directly issue federally underwritten Standard Flood Insurance Policies to the public. *See* 42 U.S.C. §§ 4071-72 (creating federal jurisdiction for claims under the National Flood Insurance Act). No WYO Company has any permission to alter, vary, or waive any provision of an SFIP. 44 C.F.R. Pt. 61.4(b), 61.13(d). WYO companies defend against claims but FEMA reimburses them for defense costs because WYO companies are fiscal agents of the United States. 44 C.F.R. § 62.23(g), (i)(6); 42 U.S.C. § 4071(a)(1).

B.   **Claims relating to procurement of a flood policy**

Plaintiffs allege that the defendant insurance agents gave them incorrect information about their need for flood insurance, failed to advise them that excess flood insurance was available, and failed to inform them about exclusions in their flood policies. These claims all relate to the procurement of flood policies, which the courts of this District have uniformly concluded do not give rise to federal jurisdiction under the National Flood Insurance Act. *See Cosse v. B.G. Matte*, 2006 WL 1968868 at *2 (E.D. La. 2006); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 534-36 (E.D. La. 2006); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497 at *3 (E.D. La. 2004); *Elizabeth v. USAA Gen. Indem. Co.*, 2002 WL 31886719 at *3 (E.D. La. 2002) *see also Waltrip v. Brooks Agency, Inc.*, 417 F. Supp. 2d 768, 770 (E.D. Va. 2006); *Roybal v. Los Alamos National Bank*, 375 F. Supp. 2d 1324, 1332-33 (D.N.M. 2005). This Court finds no reason to depart from that conclusion. The Court asknowledges that in *Wright v. Allstate*, 415 F.3d 384 (5th Cir. 2005), the Fifth Circuit held that "statelaw tort claims arising from claims handling by a WYO are preempted under federal law." *Id*. at 390. But, the Fifth Circuit did not abandon the distinction between claims for policy handling, which have traditionally been

6

considered subject to federal jurisdiction, and claims for policy procurement, which have not. *See Landry*, 428 F. Supp. 2d at 534. *Wright* noted, but it did not change, the sensible distinction between the two types of claims, which courts have found arises out of the fact that claims for improper handling are reimbursed by the Treasury, while WYOs must defend claims based on procurement on their own. *See, e.g., Landry,* 428 F. Supp. at 534; *Waltrip*, 417 F. Supp. 2d at 772. In *Wright*, the Fifth Circuit did not address whether policy procurement claims confer federal question jurisdiction; its holding was limited to "state law tort claims arising from claims handling." 415 F. 3d at 390. Further, *Wright* did not deal with removal, and the Fifth Circuit did not state whether it found complete preemption or simply ordinary preemption. Only complete preemption creates federal removal jurisdiction. *See Metro. Life Ins. Co v. Taylor*, 481 U.S. 58, 63 (1987); *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000). Ordinary preemption is simply a defense to plaintiff's suit. *Johnson*, 214 F.3d at 632. Thus, *Wright* is no obstacle to the conclusion that there is no federal question jurisdiction over plaintiffs' policy procurement claims.

Defendants do not even argue that the NFIA completely preempts state law. Rather, they contend that any claims relating to the procurement of an SFIP would necessarily require

7

the Court to interpret federal law, creating federal question jurisdiction even though no federal laws were pled in the complaint.  They appear to be invoking the theory of *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2368 (2005), in which the Supreme court indicated that an action containing "an important issue of federal law" may establish federal jurisdiction in limited instances.  *Id.* at 2367 ("The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law . . . .").  Nevertheless, this is a narrow exception to the well-pleaded complaint rule.  *See Empire Healthchoice Assur., Inc. v. McVeigh*, 126 S. Ct. 2121, 2137 (2006) (noting that such cases form a "slim category").  In *Grable*, the plaintiff filed a quiet title action in Michigan state court alleging that the defendant's title to certain property was invalid, and defendant removed.  125 S. Ct. at 2366.  A Michigan court rule required the complaint to specify "the facts establishing the superiority of [its] claims," and plaintiff "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law."  *Id*. at 2368.  Whether the plaintiff "was given notice within the meaning of a the federal statute," the Court recognized, was "thus an essential element of its quiet title

claim, and the meaning of the federal statute [was] actually in dispute . . . ."  *Id*.  In finding federal question jurisdiction, the Court observed that the meaning of the federal tax provision was an important issue of federal law that belonged in federal court, especially in light of the Government's interest in the "'prompt and certain collection of delinquent taxes,'" and the IRS' need for certainty in notice requirements to provide buyers of seized property assurance that the IRS has taken all steps required to convey good title.  *Id*. (*quoting United States v. Rodgers*, 461 U.S. 677, 709 (1983)).

Defendants assert that the plaintiffs' claims would require the Court to determine what kind of SFIP coverage they could have purchased and the extent to which their losses would have been covered by such coverage, which would require an interpretation of federal statutes and regulations.  But the possibility of such interpretation does not make the terms of the SFIP an "essential element" of plaintiffs' claim.  *Grable* did not overturn the rule that federal question jurisdiction exists only when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable*, 125 S. Ct. at 2368.  The mere presence of a federal issue "does not

automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. Since *Grable* was decided, federal courts have repeatedly rebuffed attempts to peg federal jurisdiction on its holding, often because the federal issue allegedly implicated is not "disputed and substantial." *See, e.g.*, *McCormick v. Excel Corp.*, 413 F. Supp. 2d 967, 970 (E.D. Wis. 2006) (the meaning of the crucial term in a federal regulation had already been decided); *Samuel Trading, LLC v. Diversified Group, Inc.*, 420 F. Supp. 2d 885, 892 (N.D. Ill. 2006) (though the case might contain a dispute over federal law, the dispute was not substantial because it did not affect plaintiff's right to relief). Any controversy about the provisions of the SFIP would be peripheral to plaintiffs' claims against their insurance agents, which rest entirely on state law. *See Roybal*, 375 F. Supp. 2d at 1333 (substantial question of federal law not involved simply because the state court might have to interpret federal law or look to the scope of SFIP coverage to determine if insurer owed a legal duty under state law to procure the SFIP). Indeed, defendants do not even specify which terms of the SFIP are in dispute. The Court, therefore, does not find that plaintiffs complaint "necessarily raises a federal issue."

Defendants contend that there is a "strong federal interest" in having plaintiffs' claims resolved in a federal forum because

if a court were to hold a WYO liable for claims arising from policy procurement, the availability of flood insurance might decline, contrary to Congress' intent. However, the cases cited by defendants reinforce the notion that the Congressional interest in federal adjudication of claims related to flood policy is defined by the financial participation of the federal government in the resolution of those claims. *See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) ("Since the flood insurance program is a child of Congress . . . and since the federal government participates extensively in the program both in a supervisory capacity *and financially*, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.") (emphasis added); *see also Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Ins. Agency, Inc.*, 213 F. Supp. 2d 586, 593 (D.S.C. 2002) ("Potentially, state courts could develop alternative interpretations of the Flood Insurance Manual such that *federal funds would be at risk* without predictability . . . .") (emphasis added). The Court thus finds that any interest in uniformity arises largely from the financial risk taken by the federal government in providing flood insurance and paying claims, an interest that is not present here.

Finally, defendants assert that the federal regulatory scheme governing WYOs is so comprehensive as to regulate all "procurement issues." Yet while they list numerous regulations, they point to no regulation that would govern the actions alleged by plaintiffs. This argument is specious, and the Court rejects it. Accordingly, *Grable* does not provide federal jurisdiction over plaintiffs' policy procurement claims, and defendants have established no other basis for removal jurisdiction over them. Accordingly, these claims do not provide a basis for federal jurisdiction.

**C.   Claims relating to handling of a flood policy**

Defendants assert that federal jurisdiction is proper because federal law preempts all state tort claims arising from claims handling under flood policies. *Wright* did hold that state law claims arising from claims handling under a flood policy were preempted by federal law. 415 F.3d at 390 ("We join [the Third and Sixth] circuits in holding that state law tort claims arising from claims handling by a WYO are preempted by federal law."). However, the plaintiff in *Wright* sued under the federal court's original jurisdiction, and the case did not involve removal jurisdiction. Further, the Fifth Circuit did not analyze the preemption issue under the rubric of complete preemption. See *Wright*, 415 F.3d at 390-91; *compare Johnson*, 214 F.3d at 632

(reciting test for complete preemption). Because complete preemption, as opposed to ordinary preemption, is necessary for removal jurisdiction, defendants would have to show complete preemption for the Court to find federal question jurisdiction on a preemption theory. Nevertheless, even if defendants were correct about the jurisdictional consequences of the preemption at issue, they still have not established a basis for federal jurisdiction. This results because the Court finds that the only reasonable reading of plaintiffs' complaint is that plaintiffs' tort claims are for improper handling of their homeowner's policies, not their flood policies.

First, though plaintiffs included the policy numbers of their homeowner's and business policies in their petition, they did not specify any information about their flood policies except the amount of coverage the policies provided. They do not even specifically allege that State Farm was their SFIP insurer. On the other hand, plaintiffs repeatedly refer to making claims under their homeowner's and business policies. Plaintiffs allege that Allstate improperly assessed their claims for loss of use, that Allstate failed to adequately compensate them for business interruption, that their homeowner's policy contained an unconscionable exclusion for flood loss, that their homeowner's policy covers damage by third parties, and that their homeowner's

13

policy is a "valued policy" and their compensation should be calculated on that basis.  Plaintiffs also make general allegations against Allstate for breach of its duties to act in good faith, breach of contract and various breaches of its duty to manage the adjustment process.  Plaintiffs do not refer to their flood policies in any of these allegations.

Further, plaintiffs pointedly assert that they have received the limits of their flood policies and thus have no complaints about the administration of these policies.  They state that all of the allegations in their petition pertain to the adjustment of their homeowner's policies and that this should have been obvious to defendants, who possess full knowledge of their own claims handling history.  The Court finds that plaintiffs do not make any claims for improper handling of their flood policies in their complaint, and the Court thus lacks jurisdiction on this basis.

## III. CONCLUSION

Because plaintiffs' claims relating to flood policy procurement do not arise under federal law and plaintiffs do not make any claims related to the handling of their flood policies in their petition, the Court finds that there is no basis for federal jurisdiction.  The Court thus GRANTS plaintiffs' motion to remand.

New Orleans, Louisiana, this 2nd day of August, 2006.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE